**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| KATHY S. SHADE, | ) | NO. CV 09-1153-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE COMMISSIONER | ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

judgment are denied and this matter is remanded for further

administrative action consistent with this Opinion.


                              **PROCEEDINGS**


        Plaintiff filed a complaint on February 24, 2009, seeking review

of the Commissioner's denial of benefits.  Plaintiff and Defendant

consented to proceed before a United States Magistrate Judge.

Plaintiff filed a motion for summary judgment on June 29, 2009 ("Pl.'s

1  Mot."). Defendant filed a cross-motion for summary judgment on
2  July 23, 2009 ("Def.'s Mot."). The Court has taken both motions under
3  submission without oral argument. <u>See</u> L.R. 7-15; "Order," filed
4  February 27, 2009.

6                                **BACKGROUND**

8      Plaintiff filed an application for supplemental security income
9  on or about July 23, 2007, alleging disability beginning December 30,
10 2002 (Administrative Record ("A.R.") 7, 98, 118-19). Plaintiff
11 asserts disability based on several alleged impairments, including
12 "lack of oxygen/numbness of left side of body and very poor vision
13 specially [sic] on the right eye, depression and mental condition"
14 (A.R. 119; <u>see also</u> Pl.'s Mot., p. 2 (adding chronic headaches)). An
15 ALJ examined the medical record and heard testimony from Plaintiff and
16 from a vocational expert (A.R. 7-373).

18     The ALJ found Plaintiff suffers from severe impairments (<u>i.e.</u>,
19 "chronic headaches, neck pain and vision problems"), but retains the
20 residual functional capacity to perform a limited range of medium
21 work[1] (A.R. 9-11). Specifically, the ALJ found Plaintiff could:

23         [1]    Medium work involves lifting no more than 50 pounds at a
24 time with frequent lifting or carrying of objects weighing up to 25
   pounds. If someone can do medium work, the Administration deems
25 such claimant able to do sedentary and light work. <u>See</u> 20 C.F.R.
   § 416.967(c). SSR 83-10 instructs:

27         A full range of medium work requires standing or walking,
           off and on, for a total of approximately 6 hours in an 8-
28         hour workday in order to meet the requirements of
                                                      (continued...)

                                    2

1     . . . lift and carry 50 pounds occasionally and 25 pounds

2     frequently.  She can sit and stand for 6 hours out of an

3     8 hour day.  She can occasionally walk on uneven terrain,

4     climb ladders and work around heights.  The claimant has

5     visual problems restricting her near acuity.

6

7   (A.R. 11).

8

9     The ALJ stated Plaintiff has "past relevant work" as a home

10  attendant, retail sales clerk, telemarketer, and security guard (A.R.

11  12).  The ALJ found that Plaintiff retains the capacity to perform the

12  telemarketing job "as it was actually and generally performed" (A.R.

13  12-13 (purportedly adopting vocational expert testimony at A.R. 56-

14  58)).[2]  The Appeals Council denied review (A.R. 1-3).

15

16  **STANDARD OF REVIEW**

17

18    Under 42 U.S.C. section 405(g), this Court reviews the

19

20     [1](...continued)

21  frequent lifting or carrying objects weighing up to 25
    pounds.  As in light work, sitting may occur

22  intermittently during the remaining time.  Use of the
    arms and hands is necessary to grasp, hold, and turn

23  objects, as opposed to the finer activities in much
    sedentary work, which require precision use of the

24  fingers as well as use of the hands and arms.

25  See SSR 83-10.

26

27     [2]  The Administration properly may deny disability benefits
    when the claimant can perform the claimant's past relevant work as

28  "actually performed" or as "usually" or "generally" performed.  See
    Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001).

1  Administration's decision to determine if: (1) the Administration's

2  findings are supported by substantial evidence; and (2) the

3  Administration used proper legal standards.   See Carmickle v.

4  Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

5  499 F.3d 1071, 1074 (9th Cir. 2007).   Substantial evidence is "such

6  relevant evidence as a reasonable mind might accept as adequate to

7  support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401

8  (1971) (citation and quotations omitted); Widmark v. Barnhart, 454

9  F.3d 1063, 1067 (9th Cir. 2006).

10

11                               **DISCUSSION**

12

13       For the reasons discussed below, both parties' motions for

14  summary judgment are denied and this matter is remanded for further

15  administrative proceedings pursuant to sentence four of 42 U.S.C.

16  section 405(g).

17

18       In finding that Plaintiff could perform her past relevant work as

19  a telemarketer, the ALJ stated:

20

21       The vocational expert testified that because of her

22       restricted vision, the claimant cannot perform her past jobs

23       as a home attendant, retail sales clerk, or security guard,

24       but the vocational expert testified that she can perform her

25       past work as a telemarketer.

26

27  (A.R. 12).   This statement mischaracterizes the vocational expert's

28  testimony.

The vocational expert did <u>not</u> testify that Plaintiff can perform her past work as a telemarketer.  The vocational expert testified that a person with the limitations the ALJ posed could work as a telemarketer "per" the <u>Dictionary of Occupational Titles</u> ("DOT") (A.R. 55-56).  However, the vocational expert also testified that the DOT's definition of telemarketing was 20 years old, implying that the DOT definition may no longer accurately describe the job "as generally performed" (A.R. 56).  When the ALJ clarified the record by confirming with Plaintiff that the telemarketing job as Plaintiff performed the job required Plaintiff to "stare at a computer screen all day long, the vocational expert testified that Plaintiff could <u>not</u> perform her job as a telemarketer (A.R. 57).  Accordingly, substantial evidence does not support the ALJ's determination that Plaintiff could perform her past telemarketing job as "actually" performed.  On the present record, substantial evidence also fails to support the ALJ's alternative determination that Plaintiff could perform the job as "generally" performed.  The vocational expert's reference to the dated and possibly outmoded nature of the DOT's telemarketing definition precludes affirmance on the basis of this alternative determination.

///
///
///
///
///
///
///
///
///

1    The ALJ's error in mischaracterizing the vocational expert's

2  testimony concerning the telemarketing job was not harmless.[3]  The

3  vocational expert testified that a person with the limitations the ALJ

4  posed could work as a home attendant (DOT 354.377-014) (A.R. 57).

5  However, the ALJ did not find that Plaintiff can work as a home

6  attendant (A.R. 57-58).[4]  Moreover, as discussed below, there is

7  insufficient evidence in the record to establish that Plaintiff's

8  prior work as a home attendant amounted to "past relevant work."

9

10    Plaintiff reportedly worked as a home attendant for "IHSS In Home

11  Support Services" from May 1997 through October 1997 (A.R. 120).

12  Plaintiff's reported earnings from "IHSS Recipients" in 1997 totaled

13  $1,766.51 (A.R. 103).  Assuming Plaintiff worked for IHSS for six

14

15

16

17

18
_____

19    [3]    The ALJ committed a separate error with respect to the
vocational expert's testimony, but this separate error may well
20  have been harmless.  The ALJ's hypothetical question to the
vocational expert assumed a person capable of performing heavy work
21  (i.e., lifting and carrying 100 pounds occasionally and 50 pounds
frequently) (A.R. 56).  As noted above, the ALJ found that
22  Plaintiff retained the residual functional capacity to perform only
medium work.  See A.R. 11.  Accordingly, the hypothetical question
23  posed to the vocational expert erroneously failed to include all of
Plaintiff's exertional restrictions.  See Gallant v. Heckler, 753
24  F.2d 1450, 1456 (9th Cir. 1984) (hypothetical questioning of a
vocational expert must "set out all of the claimant's
25  impairments").

26

27    [4]    The ALJ stated, inaccurately, that the vocational expert
testified Plaintiff "cannot perform her past job[] as a home
28  attendant . . ." (A.R. 12).

1   months in 1997 as reported,[5] her monthly income from the home
2   attendant work was $294.42 ($1,766.51 divided by six).

4       Earnings levels are relevant to the question of whether
5   particular employment does or does not constitute "substantial gainful
6   activity" that could qualify as "past relevant work."  See 20 C.F.R. §
7   960(b)(1) (defining "past relevant work" as work that was "substantial
8   gainful activity"); 20 C.F.R. § 416.974 (guidelines for determining if
9   work is "substantial gainful activity"); Lewis v. Apfel, 236 F.3d 503,
10  515 (9th Cir. 2001); Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir.
11  1990); see also Bray v. Commissioner of Social Security Admin., 554
12  F.3d 1219, 1221 n.1 (9th Cir. 2009) (noting that claimant's
13  unsuccessful work attempt cannot be considered "past relevant work"
14  under the regulations).  Unless a claimant's prior work constituted
15  "substantial gainful activity," the work cannot qualify as "past
16  relevant work."  See 20 C.F.R. § 416.965(a); Vertigan v. Halter, 260
17  F.3d 1044, 1051 (9th Cir. 2001).

19      For the years from January 1990 through June 1999 – a period
20  encompassing the time when Plaintiff worked as a home attendant – the
21  regulations provided that monthly earnings must average more than $500
22  to show that a person was engaged in "substantial gainful activity."
23  See 20 C.F.R. § 416.974(b)(2)(I).  When earnings are less than the
24  levels triggering a presumption of substantial gainful activity, as

---

26          [5]   When the ALJ inquired into this position at the hearing,
27  Plaintiff testified that she worked as a home attendant "for two
    summers, for two years" and affirmed that "would be like three
28  months each time" (A.R. 24).  However, there is no record of
    earnings for "IHSS" in 1998 (A.R. 103).

here, the ALJ should consider and discuss other evidence bearing on the issue of whether the prior work was substantial gainful activity. See 20 C.F.R. § 416.974(b)(3); Lewis v. Apfel, 236 F.3d at 515.  Such evidence can include the nature of the claimant's work, how well the claimant performed the work, whether the work was done under special conditions, whether the claimant was self-employed, and the amount of time the claimant spent at the work.  Id. Lewis v. Apfel, 236 F.3d at 515-16; 20 C.F.R. §§ 416.973, 416.974(b)(3).  In the present case, presumably because the ALJ made no finding regarding Plaintiff's current ability to perform the home attendant job, the ALJ failed to discuss any of the factors pertinent to an analysis of whether Plaintiff's prior work as a home attendant constituted "substantial gainful activity."

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

///

///

///

///

///

///

**CONCLUSION**

For all of the foregoing reasons,[6] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  August 18, 2009.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[6]   The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.